IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alvin Keith Brown, #302968          )<br>                                                              )<br>                                  Petitioner,  )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>                                                              )<br>Warden of Kirkland Correctional Institution, )<br>                                                              )<br>                                  Respondent.  )<br>_____ ) | C/A No. 5:13-2680-RMG-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

Petitioner Alvin Keith Brown ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 26, 27. On June 20, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 28. On August 18, 2014, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 35. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 27, be granted.

I.      Background

Petitioner is currently incarcerated in the Kirkland Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 1986, Petitioner was

indicted at the April term of the Florence County Grand Jury for possession of crack cocaine with intent to distribute (PWID crack), assault and battery with intent to kill (ABIK), possession of a weapon during the commission of a violent crime, resisting arrest with a deadly weapon, assault with intent to kill, and possession of prescription drugs unlawfully. App. 662-63.[1] William N. Nettles represented Petitioner in a jury trial that convened from June 14-17, 2004, before the Honorable J. Michael Baxley. App. 1. The jury found Petitioner guilty on all charges except rather than finding Petitioner guilty of assault with intent to kill, the jury found Petitioner guilty of assault and battery of a high and aggravated nature, a lesser-included offense. App. 629-31. Judge Baxley sentenced Petitioner to fifteen years imprisonment and a $25,000 fine for PWID, two years imprisonment for unlawful possession of prescription drugs, five years imprisonment for the weapons possession, ten years imprisonment each for assault and battery of a high and aggravated nature and resisting arrest with a deadly weapon, and life imprisonment without the possibility of parole for the ABIK conviction. App. 646-47. Judge Baxley ordered that Petitioner's sentences run concurrent with his life sentence for ABIK. *See id.*

Petitioner timely filed and served notice of his intent to appeal on June 23, 2004. ECF No. 26-3. Assistant Appellate Defender Eleanor Duffy Cleary represented Petitioner on direct appeal and filed an *Anders*[2] Brief on his behalf on September 7, 2006. ECF No. 26-4. In his *Anders* brief, Petitioner argued that "[t]he trial court erred by refusing to suppress evidence of the crack cocaine, resisting arrest, and the assault on police officers where the evidence was seized pursuant to an unlawful seizure of the appellant." *Id.* at 4, 6. On January 11, 2008, the South

---

[1] Citations to "App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction and Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF Nos. 26-1 and 26-2 in this habeas matter.

[2] *See Anders v. California*, 386 U.S. 738 (1967).

2

Carolina Court of Appeals dismissed Brown's appeal in an unpublished Opinion, 2008-UP-033. ECF No. 26-5. On January 30, 2008 the South Carolina Court of Appeals issued a Remittitur. ECF No. 26-6.

II.     Procedural History

Petitioner filed two applications for Post-Conviction Relief ("PCR"). Petitioner filed his first PCR Application on December 10, 2008, (2008-CP-21-2339), alleging "Violation of the 6th Amendment of the Constitution[,] Ineffective Assistance of Counsel[, and] Violation of the 14th Amendment of the Constitution." App. 665-75. Specifically, Petitioner asserted the following allegations, recited verbatim, regarding his claims:

(a) Judge did not all witnesses to testify in my behalf when facing a sentence of life without parole.
(b) It was because of the ineffectiveness of trial counsel that my witnesses were not able to testify. (b)(ii) Trial counsel being ineffective hadn't decided on a defense at the time of trial and did not request for an adequate postponement.
(c) Intent not proved beyond a reasonable doubt considering all the mitigating circumstances: handcuffed behind back at the time of shooting. At least 20 minutes before I was handcuffed where officers were not aware of my weapon but didn't shoot. Only one shot was fired. Mentally ill. Victim shot in leg. Not shot in face, back, or upper body.

App. 669-70 (trial transcript citations omitted). The State filed a Return to Petitioner's Application on May 8, 2009. ECF No. 676-80. Thereafter a motions hearing convened on January 25, 2010, before the Honorable Thomas A. Russo. App. 682-727. Petitioner was present and represented by Charles T. Brooks, Esq. *See id.* After the hearing, the PCR Court denied and dismissed Petitioner's PCR Application with prejudice on February 19, 2010, because "former trial counsel and appellate counsel rendered reasonably effective assistance . . . [and Petitioner] did not carry his burden to show a reasonable probability that the result at trial would have been

3

different had trial counsel or appellate counsel done what [Petitioner] alleged should or should not have done." App. 736.

On February 23, 2010, PCR counsel Brooks filed a Notice of Appeal on Petitioner's behalf. ECF No. 26-7. Thereafter, on September 15, 2010, Assistant Appellate Defender Robert M. Pachak filed a *Johnson*[3] Petition for Writ of Certiorari on Petitioner's behalf and raised: "Whether defense counsel was ineffective in failing to object to a bad malice charge that instructed the jury that they were to infer malice from the use of a deadly weapon?" ECF No. 26-8. Petitioner also filed a pro se brief. ECF No. 26-9. The South Carolina Court of Appeals issued an Order denying the Petition for Certiorari on October 22, 2012, and issued the Remittitur on November 8, 2012. ECF Nos. 26-10; 26-11.

Petitioner filed his second PCR Application (2012-CP-21-337) on February 6, 2013. ECF No. 26-12. Petitioner claimed, verbatim, he was being held unlawfully based on the following grounds: "Violation of United States Constitution Article 1 Section 9[;] Violation of the Eighth Amendment [;] and Ineffective Assistance of Counsel[;] Violation of State Statute 17-24-30 Verdict Form [;] Violation of State Statute 16-23-490(a) [;] Ineffective Assistance of Appellate Counsel." ECF No. 26-12 at 5-6. As facts to support the grounds Petitioner stated, verbatim:

(a) I received a life sentence without parole under the "Two-Strike Law." The two strike law came into effect in 1996. My first strike was in 1995.
(b) I was sentenced to life without parole for shooting a man in the leg one time. The United States Supreme Court recently ruled that it was unconstitutional to give a juvenile a life sentence when they haven't killed anyone.
(c) Trial counsel was ineffective for not making a way for my witnesses to testify. Trial counsel also didn't object to a burden shifting charge of malice. Trial counsel also didn't request a continuance to develop a proper defense. Trial counsel was also ineffective for not proceeding with a mental health defense.

---

[3] *See Johnson v. South Carolina*, 364 S.E.2d 201 (S.C. 1988).

    (d) The Supreme Court has held that when sufficient evidence of mental disease or defect is admitted into evidence, it is mandatory that the provision of S.C. Code 17-24-30 be applied.
    (e) Statute 16-23-490(a) states that if someone is sentenced to life without parole or death they cannot also receive an additional 5 year sentence for a hand gun.
    (f) Appellate counsel was ineffective for not raising the obvious issue of the fact that my witnesses were not able to testify.

*Id.* at 5-8. The State submitted a Return and a Motion to Dismiss Petitioner's second PCR application, arguing the court should summarily dismiss Petitioner's application because it was successive and filed after the statute of limitations expired. ECF No. 26-13. The Honorable Michael G. Nettles issued a Conditional Order of Dismissal of Petitioner's second PCR Application on August 20, 2013. ECF No. 26-14.  In response, Petitioner filed an "Objection to Order Denying Post-Conviction Relief" on September 6, 2013, arguing why the Conditional Order should not become final. ECF No. 26-16.  After reviewing his response, the Honorable William H. Seals filed a Final Order of Dismissal on February 17, 2014, and found that Petitioner had not shown "sufficient reason why the application is not successive and untimely and why the conditional order should not become final." ECF No. 26-17.

    III.    Discussion

        A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: Violation of the 6th Amendment of the United States Constitution.
> Supporting Facts: Trial court erred by not allowing witnesses to testify on my behalf when facing a life sentence with no parole. Trial Counsel was ineffective for not presenting my witness in a timely manner. Trial counsel was ineffective for not requesting a postponement to prepare a proper defense. Trial counsel was ineffective for not objecting to the burden-shifting charge of malice. Trial counsel ineffective for not objecting to the trial court's failure to submit the proper verdict form. Trial counsel

5

> ineffective for not proceeding with a mental health defense. Appellate counsel ineffective for not raising significant and obvious issues.
>
> GROUND TWO: Violation of the 14th Amendment of the United States Constitution
> Supporting Facts: Due process violated when the court failed to issue the proper verdict form. Due process violated when court imposed a 5 year sentence for a handgun when also sentenced to life without parole. Due process violated when court failed to make specific findings of fact and conclusions of law on every issue raised by applicant. Due process violated when intent not proved beyond a reasonable doubt.
>
> GROUND THREE: Violation of Article I Clause 10 of the United States Constitution
> Supporting Facts: Ex Post Facto Violation when sentenced under the "two-strikes" law which came into effect in South Carolina in 1996. My first strike occurred in 1995.

ECF No. 1. Additionally, Petitioner submitted a separate hand-written document outlining each purported constitutional violation. *See* ECF No. 1-1.

    B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

6

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.   Discussion

   A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 26 at 9-11. In his Response to Respondent's Motion for Summary Judgment, Petitioner argues that his transfer history demonstrates that he was at the Gilliam Psychiatric Hospital during the time allotted to file his pro se brief for direct appeal. ECF No. 35 at 2.

The AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the

8

> time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not seek review by the United States Supreme Court. Accordingly, the AEDPA's one-year statute of limitations began running when his state convictions became final fifteen days after the South Carolina Court of Appeals dismissed his appeal. *See Gonzalez*, 132 S. Ct. at 654 (finding a Petitioner's conviction and sentence become "final" when his "time for seeking review with the State's highest court expire[s].").

Review of the record indicates Petitioner's federal habeas petition was not timely filed. As previously summarized, Petitioner timely appealed his convictions and sentences and his appeal was perfected with the filing of a Final *Anders* Brief of Appellant, ECF No. 26-4, in the South Carolina Court of Appeals. The court dismissed his *Anders*' appeal on January 11, 2008. ECF No. 26-5. Any motion for further review of the court's decision would have been due by January 28, 2008, a Monday. *See* Rule 221, SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). The court's decision would have become final after either the expiration of fifteen days or after the Court of Appeals acted on a Petition for Rehearing. *See* Rule 242(c), SCACR ("A decision of the Court of Appeals is not final for the

9

purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Here, Petitioner did not seek review of the South Carolina Court of Appeal's decision to dismiss his *Anders*' appeal on January 11, 2008. ECF No. 26-5. Therefore, pursuant to *Gonzalez*, the statute of limitations began running on January 28, 2008.

Petitioner subsequently filed his first PCR application on December 10, 2008 (2008-CP-21-2339). Petitioner's PCR proceedings tolled the one-year limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). At this point, 319 days had elapsed since Petitioner's conviction became final. The statute of limitations remained tolled until November 8, 2012, when the Court of Appeals remitted the matter to the lower court or tribunal. *See* ECF No. 26-11; *Frazier v. Stevens*, No. 4:09-302-JFA-TER, 2010 WL 921613, at * 3 n.6 (D.S.C. Mar. 10, 2010), *as amended* (Mar. 12, 2010) (tolling the period of limitations from the date petitioner filed his first PCR until the date the South Carolina Supreme Court issued the Remittitur); *Gambrell v. Bazzle*, No. 9:07-cv-00172-RBH-GCK, 2008 WL 269505, at *5 (D.S.C. Jan. 29, 2008) ("When the Supreme Court issued the Remittitur following its Order denying the petition for a writ of certiorari on December 19, 2003, Petitioner's first PCR action became final."). Petitioner had 46 remaining days to timely file a federal habeas petition. Therefore, Petitioner needed to file the Petition before the end of 2012 in order for it to be timely.

However, Petitioner did not file this habeas action until September 26, 2013. ECF No. 1-2 at 1; *see Houston v. Lack,* 487 U.S. 266, 270–71 (1988) (stating that a prisoner's pleading is

filed at the moment of delivery to prison authorities for forwarding to the district court). The September 26, 2008 filing date was nearly nine months after Petitioner's statute of limitations had run. Therefore, Petitioner's habeas petition is untimely.[4] Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the

---

[4] Without commenting on whether Petitioner's second PCR action was "properly filed," the undersigned notes that the filing of Petitioner's second PCR application was on February 6, 2013, and Petitioner's statute of limitations period had already expired.

11

burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Here, Petitioner argues that he was at Gilliam Psychiatric Hospital during the time allotted to file his pro se appeal. ECF No. 35 at 2-4. Though the timeliness of Petitioner's pro se appeal is not one of the grounds in his Habeas Petition and therefore is not an issue before the court, the undersigned has reviewed Petitioner's transfer orders and medical notes. These records do not indicate that Petitioner was in the Gilliam Psychiatric Hospital when the applicable statute of limitations was running from January 28, 2008 to December 10, 2008, or from November 8, 2012 to December 24, 2012. *See* ECF No. 35-1.[5] Furthermore, Petitioner has not offered any argument as to why the statute of limitations should be tolled, and none is readily apparent on the record. Therefore, Petitioner has failed to satisfy his burden of demonstrating entitlement to equitable tolling. Accordingly, equitable tolling of the statute of limitations is not merited.

---

[5] Petitioner filed his Inmate Transfer History that shows he was transferred to the Gilliam Psychiatric Hospital on five separate occasions; March 31, 2005; September 25, 2006; October 9, 2006; January 10, 2007; and January 15, 2008. ECF No. 35-1 at 1-2.

Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[6]

V.      Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 27, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

September 18, 2014
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[6] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims.

13